1 | RUTAN & TUCKER
Michael T. Hornak (State Bar No. 81936)
2 | Lisa N. Neal (State Bar No. 205465)
611 Anton Boulevard, Suite 1400
3 | Costa Mesa, CA 92626
Telephone: (714) 641-5100
4 | Facsimile: (714) 546-9035

5 | OSTERGAR HUNTER LAW GROUP
Allen C. Ostergar III (State Bar No. 166411)
6 | 27101 Puerta Real, Suite 450
Mission Viejo, California 92691
7 | Telephone: (949) 305-4590
Facsimile: (949) 305-4591

8 |
Attorneys for Plaintiff,
9 | BUY.COM INC.

```
FILED

OCT - 1 2009

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY
```

10 |

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

13 |

14 | BUY.COM INC.,                              )   Case No.: SACV 08-1453 JVS(MLGx)
                                              )
15 |            Plaintiff,                     )
                                              )
16 |     vs.                                   )   [~~PROPOSED~~] PROTECTIVE
                                              )   ORDER
17 | WARRANTECH CONSUMER                       )
     PRODUCT SERVICES, INC., et al.           )
18 |                                           )
                                              )
19 |            Defendants.                    )
                                              )
20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1   **1.     PURPOSES AND LIMITATIONS**

2   Disclosure and discovery activity in this action are likely to involve production of

3   confidential, proprietary, competitive, or private information for which special protection from

4   public disclosure and from use for any purpose other than prosecuting this litigation would be

5   warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

6   following Stipulated Protective Order. The parties acknowledge that this Order does not confer

7   blanket protections on all disclosures or responses to discovery and that the protection it affords

8   extends only to the limited information or items that are entitled under the applicable legal

9   principles to treatment as confidential. The parties further acknowledge, as set forth in Section

10  10, below, that this Stipulated Protective Order creates no entitlement to file confidential

11  information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

12  and reflects the standards that will be applied when a party seeks permission from the court to

13  file material under seal.

14  **2.     DEFINITIONS**

15  2.1     Party: any party to this action, including all of its officers, directors,

16  employees, consultants, retained experts, and outside counsel (and their support staff).

17  2.2     Disclosure or Discovery Material: all items or information, regardless of

18  the medium or manner generated, stored, or maintained (including, among other things,

19  testimony, transcripts, or tangible things) that are produced or generated in disclosures or

20  responses to discovery in this matter.

21  2.3     "CONFIDENTIAL" Information or Items: information (regardless of how

22  generated, stored or maintained) or tangible things that qualify for protection under standards

23  developed under Fed. R. Civ. P. 26(c).

24  2.4     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

25  Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items whose

26  disclosure to another Party or non-party would create a substantial risk of serious injury that

27  could not be avoided by less restrictive means.

28  ///

-1-

1    2.5    Receiving Party: a Party that receives Disclosure or Discovery Material
2    from a Producing Party.
3    2.6    Producing Party: a Party or non-party that produces Disclosure or
4    Discovery Material in this action.
5    2.7    Designating Party: a Party or non-party that designates information or
6    items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or
7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
8    2.8    Protected Material: any Disclosure or Discovery Material that is
9    designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
10   ONLY."
11   2.9    Outside Counsel: attorneys, paralegals and other support personnel who
12   are not employees of a Party but who are retained to represent or advise a Party in this action.
13   2.10   House Counsel: attorneys, paralegals and other legal department personnel
14   who are employees of a Party.
15   2.11   Counsel (without qualifier): Outside Counsel and House Counsel (as well
16   as their support staffs).
17   2.12   Expert: a person with specialized knowledge or experience in a matter
18   pertinent to the litigation, including his or her employees and support personnel, who has been
19   retained by a Party or its counsel to serve as an expert witness or as a consultant in this action
20   and who is not a past or a current employee of a Party or of a competitor of a Party and who, at
21   the time of retention, is not anticipated to become an employee of a Party or a competitor of a
22   Party. This definition includes a professional jury or trial consultant retained in connection with
23   this litigation.
24   2.13   Professional Vendors: persons or entities that provide litigation support
25   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;
26   organizing, storing, retrieving data in any form or medium; etc.) and their employees and
27   subcontractors.
28   ///

1

**3.     SCOPE**

2

    The protections conferred by this Stipulated Protective Order cover not only Protected

3

Material (as defined above), but also any information copied or extracted therefrom, as well as

4

all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

5

presentations by parties or counsel to or in court or in other settings that might reveal Protected

6

Material.

7

**4.     DURATION**

8

    Even after the termination of this litigation, the confidentiality obligations imposed by

9

this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

10

order otherwise directs.

11

**5.     DESIGNATING PROTECTED MATERIAL**

12

    5.1     Exercise of Restraint and Care in Designating Material for Protection.

13

Each Designating Party must take care to limit any such designation to specific material that

14

qualifies under the appropriate standards. A Designating Party must take care to designate for

15

protection only those parts of material, documents, items, or oral or written communications that

16

qualify - so that other portions of the material, documents, items, or communications for which

17

protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass,

18

indiscriminate, or routinized designations are prohibited. Designations that are shown to be

19

clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily

20

encumber or retard the case development process, or to impose unnecessary expenses and

21

burdens on other parties), expose the Designating Party to sanctions.  If it comes to a Party's or

22

non-party's attention that information or items that it designated for protection do not qualify for

23

protection at all, or do not qualify for the level of protection initially asserted, that Party or non-

24

party must promptly notify all other parties that it is withdrawing the mistaken designation.

25

    5.2     Manner and Timing of Designations.  Except as otherwise provided in this

26

Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

27

ordered, material that qualifies for protection under this Order must be clearly so designated

28

before the material is disclosed or produced.

-3-

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts or depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains Protected Material. Use of the legend "HIGHLY CONFIDENTIAL" shall be construed as and shall have the same meaning and effect of use of the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"), no later than the time when review by the witness and

– 4 –

1   corrections to the transcript shall be due. Only those portions of the testimony that are

2   appropriately designated for protection within the time specified above shall be covered by the

3   provisions of this Stipulated Protective Order.

4                       Transcript pages containing Protected Material must be separately bound

5   by the court reporter, who must affix to the top of each such page the legend

6   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

7   instructed by the Party or non-party offering or sponsoring the witness or presenting the

8   testimony.

9                       (c) for information produced in some form other than documentary, and

10  for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

11  the container or containers in which the information or items are stored the legend

12  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only

13  portions of the information or item warrant protection, the Producing Party, to the extent

14  practicable, shall identify the protected portions, specifying whether they qualify as

15  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

16           5.3      Inadvertent Failures to Designate.  If timely corrected, an inadvertent

17  failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the

19  Designating Party's right to secure protection under this Order for such material. If material is

20  appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

21  ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on

22  timely notification of the designation, must make reasonable efforts to assure that the material is

23  treated in accordance with the provisions of this Order.

24           5.4      Upward Designation of Information or Items Produced by Other Parties or

25  Non-Parties.  Subject to the standards of paragraph 5.1, a Party may upward designate (i.e.,

26  change any Discovery Material produced without a designation to a designation of

27  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or

28  designate any Discovery Material produced as "CONFIDENTIAL" to a designation of

-5-

"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") any Discovery Material produced by any other Party or non-Party, provided that said Discovery Material contains the upward designating Party's own confidential, proprietary, competitive or private information.

Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated within 30 days of production by the Producing Party. Failure to upward designate within 30 days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Discovery Material, or otherwise move the court for such relief. Any Party may object to the upward designation of Discovery Materials pursuant to the procedures set forth in paragraph 6 regarding challenging designations. The upward designating Party shall bear the burden of establishing the basis for the upward designation.

In order to allow opposing counsel an opportunity to make upward designations as may be appropriate under this Stipulated Protective Order, Outside Counsel agrees to wait 15 days prior to disclosing to its client, documents produced by non-parties.

### 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in the designation is offered, to explain the basis for the chosen

PROTECTIVE ORDER

designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

        6.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

        7.1    Basic Principles.  A Receiving Party may use Discovery Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The restrictions on Discovery Material shall not apply to information which, at or prior to disclosure thereof in this action, is or was public knowledge as a result of publication by one having the unrestricted right to do so, or which is otherwise in the public domain. Nothing in this Protective Order shall in any way restrict the use or dissemination by a Party or third Party of its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material.

-7-

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A, provided, however, that support personnel of Outside Counsel do not need to execute an "Agreement to Be Bound by Protective Order";

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) pursuant to the provision in 7.4 (a)-(c), experts or consultants to whom disclosure is reasonably necessary for this litigation;

(d) the court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during the preparation for and conduct of their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Any Party intending to use Protected Material at a deposition preparation session or during a deposition pursuant to this paragraph shall provide written notice to the Producing Party identifying (by Bates number or other individually identifiable information) the Protected Material no later than five (5) business days before preparation session or deposition.

(g) the author or recipient of the document or the original source of the information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by

1   the Designating Party, a Receiving Party may disclose any information or items designated

2   "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

3         (a) the Receiving Party's Outside Counsel of record in this action, as

4   well as employees of said Counsel to whom it is reasonably necessary to disclose the information

5   for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

6   attached hereto as Exhibit A, provided, however, that support personnel of Outside Counsel do

7   not need to execute an "Agreement to Be Bound by Protective Order";

8         (b) House Counsel of a Receiving Party to whom disclosure is reasonably

9   necessary for this litigation, provided that disclosure shall only be made to House Counsel of a

10  Receiving Party if the court orders that such disclosure be made and House Counsel has signed

11  the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit "A";

12        (c) pursuant to the provision in 7.4 (a)-(c), experts or consultants to whom

13  disclosure is reasonably necessary for this litigation;

14        (d) the court and its personnel;

15        (e) court reporters, their staffs, and professional vendors to whom

16  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

17  Bound by Protective Order" (Exhibit A); and

18        (f) the author or recipient of the document or the original source of

19  information.

20        7.4    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

21  ONLY" Information or Items to Experts or Consultants.

22        (a) If any party wishes to disclose Protected Materials produced by any

23  other party and designated as "Confidential" or "Highly Confidential" to any expert or

24  consultant, the expert or consultant must sign the "Agreement to Be Bound by Protective Order"

25  (Exhibit A). Nothing in this Protective Order shall require that non-testifying experts or

26  consultants be deposed or otherwise be the subject of discovery.

27        (b) If any party desires to disclose another party's information designated

28  "HIGHLY CONFIDENTIAL" to any expert or consultant who, in the five years priors to the

-9-

date this Order is entered, has worked for one of the parties (or their predecessors) then and only then, that party must first identify in writing to the attorneys for the producing party that expert or consultant and a general description of the nature of that engagement sufficient to allow the producing party to determine if it will object to the disclosure of its "HIGHLY CONFIDENTIAL" information to that expert or consultant, unless the producing party agrees to permit disclosure without such information. The attorney for the producing party shall have five (5) days from receipt of such notice to undertake informal dispute resolution procedures, and any objections not informally resolved shall be the subject of a regularly noticed motion by the producing party who shall have the burden to support the restriction on dissemination of its "HIGHLY CONFIDENTIAL" information to that expert or consultant.

(c) Such identification of an expert or consultant under section 7.4(b) shall include the full name, professional address and affiliation of the expert or consultant, the present and prior employments or consultancies of the expert or consultant and work done for defendants and/or their predecessors (other than work done for the party engaging that expert or consultant in this litigation.)

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of the Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

-10-

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interest in the court from which the subpoena or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.      FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**11.      FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

-11-

deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.    INADVERTENTLY PRODUCED DOCUMENTS**

If a Party at any time notifies any other Party that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection. The Receiving Party shall return all copies of such documents, testimony, information and/or things to the inadvertently producing party within five (5) business days of receipt of such notice or discovery and shall not use such items for any purpose until further order of the court. The return of any discovery item to the inadvertently producing Party shall not in any way preclude the Receiving Party from moving the court for a ruling that the document or thing was never privileged.

**13.    ADVICE TO CLIENT**

Nothing in this Protective Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material in rendering such advice, provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

**14.    MISCELLANEOUS**

1         14.1    Right to Further Relief. Nothing in this Order abridges the right of any

2   person to seek its modification by the court in the future.

3         14.2    Right to Assert Other Objections. By stipulating to the entry of this

4   Protective Order no Party waives any right it otherwise would have to object to disclosing or

5   producing any information or item on any ground not addressed in this Stipulated Protective

6   Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the

7   material covered by this Protective Order.

8   GOOD CAUSE APPEARING THERE FOR, IT IS SO ORDERED.

9

10   Dated: _10/1/09_

                                Hon. Marc L. Goldman

11                                   United States Magistrate Judge

- 13 -

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of Buy.com Inc. v. Warrantech Consumer Product Services, Inc., Case No. SACV 08-1453 JVS(MLGx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

-1-

PROTECTIVE ORDER